United States District Court
Southern District of Texas
FILED

MAY 15 2017

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS MCALLEN
DIVISION.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CASE NO. 7:09-cr-1543-2 |
| VS. | § | JUDGE :RANDY CRANE |
| DAMIAN MONTALVO | § | |

MOTION FOR REDUCTION OF SENTENCE: § 18 U.S.C 3582 (c)

TO THE HONORABLE JUDGE : RANDY CRANE

Now into court comes, petitioner DAMIAN MONTALVO, appearing in Pro'se requesting the court to consider his motion for a reduction of sentence, in accordance with "GUIDELINE AMENDMENT 782, reducing base offense level's -2 level's in drug quantities and type across the drug table, under U.S.S.G 2D1.1..

"A sentence may be reduced when it's for a term of imprisonment based on a sentencing range that has subsequently been lower'ed by the sentencing commission". United States v Doublin 527 F 3D 235-37 (5th Cir.) 2009.

"This court, liberally construe's [P]ro'se brief's. Estelle v Gamble 492 U.S 97, 106 , 97 S.Ct 285 50 LED 2d 251 (1976).

Under 18 U.S.C 3582 (c)
It is in the sound discretion of the district court, to reduce a sentence base on an amendment to the guideline's, in 1B1.10.

I. Mr. Montalvo request that court would consider a reduction of his sentence in accordance with applicable policy statement.

II. The Amendment is retroactively applicable to the petitioner.

III. The petitioner meets all the criteria's to receive a reduction of sentence, during and after conviction of the current offense of conviction, consistent with Post Conviction relief requirement's under the United States Sentencing Guideline's provision's in 1B1.10. See U.S.S.G

II. PROCEDURAL HISTORY

On December 21, 2010, Mr DAMIAN MONTALVO was found guilty by a jury in the SOUTHERN DISTRICT COURT OF TEXAS,"(MCALLEN)" Division as to count 6 of the indictment. Count's 1-5 the petitioner was found not guilty but however the defendant was sentenced to a 360 month term of imprisonment, "ie (30) year's.

Mr. Montalvo here'in referred to as "MONTALVO", received the minimum of his guideline sentence, that ranged from 360-life, on April 7, 2011, as to count 6 of the indictment,, to wit **Possession with the intent to distribute more than 100 kilograms of marijuana approximately 1,973 kilograms, in violation of 21 U.S.C 841 (a)(1) & (b)(1)(A)(vii).**

Mr. Montalvo did not challenge his conviction or sentence on appeal, in a §28 U.S.C 2255 Collateral attack.

I. <u>Releif Requested</u>

On November 1, 2015 the sentencing commission ameded subsection 2D1.1 of the sentencing guideline range.
Reducing by -2 level's in drug offense level's and type's across the drug quantity table. The commission also made the amendment retroactive applicable to all drug offenders sentence before and after the amendment.

It is for all these purpose's and reason's that the petitioner request that the court consider his motion and grant the releif cited here'in. consistent with applicable policy statement. See U.S.S.G 1B1.10, of the **UNITED STATES SENTENCING GUIDELINE"S.**

## II. POST SENTENCING CONDUCT

Mr. Montalvo here'in demostrates ,that after his sentencing to 360 month's that he has receive no **"Incident report's for any infraction's of Federal Bureau of Prison's violation.**

The petitioner also demostrates that he have been applicably compliant with all prison policies and program's since he arrived at the Beaumont FCI Facility ,here in Beaumont Texas.

Mr.Montalvo, also has been consistent in his institution assignment as an Orderly ,and repectively participated in Bureau program's, and activities.

The petitioner also bring into the court attention that he has not applied or received any other pertinent releief during or after,conviction,or sentencing for the current offense.

The Petitioner also ask that the court [N]ote that,the Honorable Judge, Randy Crane sentenced him to the minimum of the guideline range, and therfore request that the court consider ,reducing his base offense level by -2 point's and sentencing him to the new range of the sentencing table in **5A sentencing catorgory,** at the minimum of the guideline range,respectivelly.

Mr. Montalvo also request that the court take into consideration,since considering, to reduce a sentence is in the sound discretion of the district court,that the court acknowledge that had the amendment been in effect at the time he was sentenced he would have received a sentence based at the minimum of the new guideline range.

It is for the foregoing reason since the sentencing commission made retroactive Amendment 782, in 2D1.1 base offense level's, that the petition pray's and request that the court would grant his motion and reduce his sentence in accordance with sound and applicable policy statement,of **1B1.10 Senetencing Guideline's.**

The court should also take into consideration,that granting Mr.Montalvo any reduction in his sentence would not pose a risk to the public,in compliance with the **Public safety Factor's** ,listed in **1B1.10 U.S.S.G**,because the petitioner would still be serving a very lenghty senetence as the court took into consideration during sentencing underthe sentencing factor's set out in **18 U.S.C 3553, respectively.**

4.

## CERTIFICATE OF SERVICE

The petitioner was assisted in this matter free of charge by a fellow inmate, in accordance with **Johnson v Avery** 393 U.S 483 21 Led 718 (1969).S.CT See also **Bounds v Smith** 430 US 817 52 Led 2d 72 (1977). S.CT

I _[signature]_, have hand delivered a true and attested copy of the forgoing motion, to a prison authority at the Beaumont Medium FCI Prison, in Beaumont Texas in accordance with the mailbox rule, on this ____ 11 ____, of May 2017, with instruction's to be served on all parties of intrest, "VIA" EFC RULES per the court.
**Houston v Lack** 487 US 266 161 Led 2d 245 (1988) S.CT

This Document is signed under the penalty of perjury, 28 U.S.C 1746.

5.