# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# McALLEN DIVISION

UNITED STATES OF AMERICA,

VS.

DAMIAN MONTALVO,
Defendant.

CASE No. M-09-CR-1543-2

United States District Court
Southern District of Texas
FILED
MAR 01 2021
Nathan Ochsner, Clerk

## MONTALVO'S MOTION TO REDUCE SENTENCE AND RELEASE TO HOME CONFINEMENT PURSUANT TO 18 U.S.C. §3582(c)

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Damian Montalvo, defendant, Pro se in the above case number and respectfully moves this Court to reduce his sentence to time served and be release to home confinement, Pursuant to the Newly Amended 18 U.S.C. §3582(c)(1)(A)(i) Compassionate Release. Montalvo will show reasons as follows:

### I. PRO SE LITIGANT

Damian Montalvo, defendant, Pro Se litigant asks this Court to be held to a less stringent standard than lawyers. See, Haines V. Kerner, 404 U.S. 519 (1972)(Pro se litigants' pleading are to be construed liberally and if a Court can state a cognizable claim on which litigant could prevail, it should do so dispite failure to cite proper legal authority, confusion of legal theories. Poor syntax and sentence structure or litigant's unfamiliarity with pleadings requirement. See, e.g., Boas V MacDougall, 454 U.S. 364, 102 S.ct. 594, 70 L.Ed 2d 551 (1982);

1.

<u>Fazzomo v. Northeast Ohio Corr'l Center</u>, 473 F.3d 229 (6th Cir. 2006); <u>Gomez-Diaz v. U.S.</u>, 433 F.3d 788 (11th Cir. 2005).

## II. JURISDICTION

On December 21, 2018, the President sign the First Step Act into law among the Criminal Justice reforms, Congress Amended 18 U.S.C. §3582(c)(1)(i) to provide the Sentencing Judge with Jurisdiction to consider a defendant's Motion for Reduction of Sentence based on Extraordinary and Compelling reasons when the defendant has fully exhausted all administrative rights to Appeal. A failure of the Bureau of Prisons to bring a Motion on the defendant's behalf or after the lapse of 30 days from the receipt of such request by the Warden of the defendant's Facility, whichever is earlier. First Step Act of 2018, § 603(b), Pub.L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

## III. FACTUAL AND PROCEDURAL BACKGROUND

Damian Montalvo ("MONTALVO") defendant was charged in a Six Count indictment: Count One - Conspiracy to import more than 5 Kilograms of Cocaine and more than 1,000 Kilograms of Marijuana; Count Two - Conspiracy to Possess with intent to distribute more than 5 Kilograms of Cocaine and more than 1,000 Kilograms of Marijuana;

2.

Count Three - Knowingly and intentionally importing 468 Kilograms of Cocaine; Count Four - Knowingly and intentionally importing more than 1,000 Kilograms that is approximately 1,973 Kilograms of Marijuana; Count Five - Knowingly and intentionally Possessing more than 5 Kilograms that is approximately 468 Kilograms of Cocaine; Count Six - Knowingly and intentionally possessing more than 1,000 Kilograms that is approximately 1,973 Kilograms of Marijuana.

 The trial of Montalvo commenced on December 13, 2010 with Jury selection. After Jury selection and presentation of evidence the Trial Court proceeded to submit the Six count indictment to the Jury. The Trial Court then gave the Jury its instructions on December 16, 2010 and the Jury deliberated in the case for the proceeding five days.

 On December 21, 2010 at 11:30am the Jury announced to the Trial Court that they had reached a verdict. The resultant Verdict was as follows: Not Guilty on Counts 1,2,3,4 and 5; and Guilty on Count 6.

 On 4-27-2011, Montalvo and his attorney appeared before the Court for sentencing. The Court sentenced Montalvo to 360 months term imprisonment for a nonviolent crime.

Montalvo believes he qualifies for a sentence reduction and release to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on his health conditions: Covid-19, High blood Pressure and Obesity. Montalvo is 5'7 inch, 290 pounds.

Therefore, he requests a reduction in his sentence to time served and be placed under home confinement at his sister's home, Juana Molina Rio Grande City, TX.

### IV. LEGAL STANDARD

A district court generally may not modify or reduce a sentence because "[a] Judgement of Conviction that includes [a sentence of imprisonment] constitutes a a final Judgment". Dillon v. United States, 560 U.S. 817, 824 (2010) quoting 18 U.S.C. § 3582(b)). However, [a] Court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if extraordinary and compelling reasons warrant such a reduction." United States v. Chambliss, 948 F.3d 691, 692 (5th Cir. 2020)(quoting § 3582(c)(1)(A)(i)). Such a reduction must be consistent with applicable Policy Statements issued by the Sentencing Commission." United States v. Cantu, No. 1:05-CR-458-1, 2019 WL 2498923, at *1 (S.D. Tex. June 17, 2019) (quoting § 3582(c)(1)(A)(i)).

4.

Furthermore, "the defendant has the burden to show circumstances meeting the test for Compassionate Release" United States v. Stowe, No. CR H-11-803(1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)(Quoting United States v. Heromin, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311 at *2 (M.D. Fla. June 7, 2019)).

## V. UNITED STATES SENTENCING COMMISSION

Pursuant to 18 U.S.C. §3582(c)(1)(A) and the United States Sentencing Commission's ("USSC") applicable Policy Statements, in order to obtain a sentencing reduction, a defendant must demonstrate that: (1) they have exhausted administrative remedies; (2) their circumstances are extraordinary and compelling; (3) their release would pose no danger to any other person or the community; and (4) relief is warranted in light of applicable sentencing factors.

### A. Exhaustion of Administrative Remedies

Haynes has exhausted his administrative remedies. See; 18 U.S.C. §3582(c)(1)(A)(Allowing a Court to act only after a defendant "has fully exhausted all administrative rights to appeal; a failure of the Bureau of Prisons to bring a Motion on the [d]efendant's behalf" or after thirty days have passed since the defendant initially requested the Warden of his facility to bring said motion).

See; (Exhibit-A) Copy of written request to the Warden to bring a Motion to the Court for Compassionate Release/Sentence Reduction to time served and early release to home confinement dated December 27, 2021. Thirty days has passed and no response from the Warden. Therefore, Damian Montalvo's Motion to Reduce Sentence and Release to Home Confinement. Pursuant to 18U.S.C. §3582(c) is ripe for this Court review.

B. <u>Extraordinary and Compelling Reasons</u>

Montalvo will respectfully show that his circumstances are extraordinary and compelling. Congress provided that the USSC "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. §994(t). The USSC last issued a Policy Statement, U.S.S.G. §1B1.13, on November 1, 2018, to define these extraordinary and compelling reasons. Although the USSC has not updated U.S.S.G. §1B1.13 since the passage of the First Step Act. "Courts have universally turned to U.S.S.G. §1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction" <u>United States v. McGraw</u>, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019); See: <u>United States v. Ebbers</u>, No. S402CR11443VEC, 2020 WL 91399, at *4 (S.D. N.Y. Jan. 8, 2020)("U.S.S.G. §1B1.13's descriptions of

'extraordinary and compelling reasons' remain current, even if references to the identity of the moving party are not.").

Montalvo suffers from a serious health condition, he suffers from Covid-19, High blood Pressure, high cholesterol and Obesity, his request may or may not conform with one of the typically cited reasons in the comments included in U.S.S.G. § 1B1.13," but Montalvo provides ample evidence that he suffers from Covid-19 among other health issues, he does not allege that his condition is "terminal" or substantially diminishes... his ability to provide self-care within the environment of a correctionally facility." Nevertheless, a number of courts have found extraordinary and compelling reasons" beyond the few the BOP traditionally relie[s] on" in light of the COVID-19 Pandemic. See, e.g., United States v. Muniz, 4:09-CR-199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020)(observing that the defendant "has been diagnosed with serious medical condition that... make him particularly vulnerable to severe illness from COVID-19")); See also U.S.S.G. § 1B1.13, cmt. 1 (D)( permitting the possibility that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons [provided in the guidelines"]).

It is undisputed that Montalvo suffers from high blood pressure, high cholesterol and Obesity which made him

7.

more susceptible to COVID-19, through the disease likely has heightened the impact on inmates who are immunocompromised. The Court should be mindful that the rapid spread of Covid-19 inevitably limits the ability of science to keep pace with the immediate needs of those immunocompromised individuals currently incarcerated. Montalvo tested positive for Covid-19 on January 12, 2021 and is currently fighting this deadly disease with his underlining health conditions.

Therefore, this Court should find that Montalvo has provided extraordinary and compelling Reasons sufficient to be considered for sentence reduction and early release to home confinement.

## C. Danger to the Community

Montalvo would not pose a danger to any other person or the Community, 18 U.S.C. § 3142(g) instructs the Court to assess: (1) the nature and circumstances of the offense charged (2) the weight of the evidence against the Person; (3) the history and characteristics of the Person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Montalvo pleaded not guilty to a six count Indictment and was found guilty by a Jury on Count-Six a a nonviolent drug offense.

8.

This Court should be incline to give greater weight to the nonviolent nature of Montalvo's crime when considering his eligibility for early release.

Montalvo has a criminal Record as stated in the Presentence Investigation Report (PSR) his Criminal History Category (II) he does not have a violent criminal history.

### D. Section 3553(a) Factors

Relief is warranted in light of applicable sentencing factors. Pursuant to 18 U.S.C. §3582(c)(1)(A), a Court may "reduce the term of imprisonment... after considering the factors set forth in section 3553(a) to the extent that they are applicable". These factors includes: (1) The need for the sentence imposed to, among other factors, reflect the seriousness of the offense to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct; (2) The kinds of sentences available; (3) The kinds of sentences and the sentencing range established for the applicable category of offense and defendant; (4) Any pertinent policy statement guidelines issued by the Sentencing Commission;

9.

(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) The need to provide restitution to any victims of the offense §3553(a).

E. <u>Sentence Reduction Authority Under 18 U.S.C. §3582(c)</u>

This Court has discretion to reduce the term of imprisonment imposed in this case based on §3582(c)(1)(A)(i) which states in relevant part that the Court "may reduce the term of imprisonment... after considering the factors set forth in [18 U.S.C. §]3553(a)... to the extent they are applicable, if it finds that... Extraordinary and compelling reasons warrant such a reduction..."

On April 3, 2020 Attorney General, Barr ("AG") issued a Memorandum (1) authorizing BOP to increase the maxium amount of time an inmate can serve in home confinement, and (2) asking BOP to allow home confinement for inmate in high risk groups for (COVID-19) and/or at facilities where covid-19 is spreading.

The coronavirus (covid-19) is rapidly spreading in all parts of the United States, including it's prisons. There is a vaccine but not for all prisoners at this time. The vaccine is no silver bullet among mass close contact with fellow inmates. This covid-19 is a deadly disease and has claimed the lives of over 400,000 people and it is continuing claiming lives daily.

Montalvo struggled with drug addition that played a major role in him committing drug crimes. Montalvo is now drug free and is 11 years older and has spent his time wisely. Montalvo was 34 years old at the time of the offense committed, he is 45 years old. The time he has served constitutes a sentence sufficient but not greater than necessary to accomplish the goals of sentencing. Montalvo has met many of the original sentencing goals of §3553(a) In Particular, he has reflected on his past actions and has acknowledge the mistakes he made, and the harm his involvement in the drug trade caused.

 A reduction of Montalvo's sentence would not minimize the seriousness of his offense. However, the Court imposed a significant sentence but did not intend to issue a death sentence for Montalvo. Montalvo has shown a willingness to participate in rehabilitation programs while incarcerated and various treatment programs and classes, [Exhibit-B] his age and his serious health conditions Covid-19 among other health issues and he is drug free makes it less likely that he will commit future crimes in normal circumstances, let alone while subject to the strict limitations of home confinement.

12.

The Center for Disease Control and Prevention ("CDC") recommends frequent handwashing, sterilizing of surfaces, and remaining at a distance of at least six feet from other people. It is impossible to do that in this facility of 1,800 fellow inmates.

The Court exercise of sentencing discretion based on the extraordinary and compelling reasons should depend on Montalvo's health; Obesity, High blood Pressure, High Cholesterol, Covid-19 and a greater high Risk of the new Covid-19 variant and Service of substantial Portion of his sentence. This motion will attach Prison records, Medical records and support letters.

Montalvo sentence reduction to time served meets the criteria for reduction in sentence Pursuant to the Newly Amended 18 U.S.C. §3582(c) Compassionate Release. "The release would not" minimize the severity of the offense and "will not Pose a risk to the community." See (Exhibit-C) disciplinary record. Confinement and society as a whole, Montalvo interaction with fellow inmates and Correctional officials on a daily basis, is some evidence that he will respect the law and people of society. See; [Exhibit-C, disciplinary].

Under the present Statutory Scheme, the existence of extraordinary and compelling circumstances confers on this Court, the authority to Consider the relevant 18 U.S.C. §3553(a) factors and determine whether the circumstances warrant a sentence reduction.

11.

Montalvo is a changed man, it would be unbelievable that he would revert to the criminal ways of his younger self and he would unlikely be a recidivism risk. Furthermore, his reduction of sentence to time served and release to home confinement would not foster disrespect for the law. If anything, It would be a display of compassion from the law by demonstrating that Justice can combine with Mercy, as congress clearly intended when the Compassionate release remedy was expand as part of the First Step Act.

The Six and Seventh Circuits issued important decisions on compassionate release that resolve the issue of how to apply the old Sentencing Commission Policy statement. Those courts joined the Second Circuit in finding that the old Policy Statement was no longer applicable to Compassionate release requests filed by inmates.

In United States v. Jones, the Sixth circuit issued an exhaustive opinion on the history of Compassionate release, the legislative backdrop, and how to define "extraordinary and compelling reasons" for Sentence reductions under Section 3582(c). United States v. Jones, No. 20-3701, 2020 WL 6817488 (6th Cir. Nov. 20, 2020). The central holding of Jones was that district Courts are not required to look to U.S.S.G. 1B1.13 when evaluating compassionate release motions brought by inmates.

13.

The Sixth Circuit said that the old policy statement was not "applicable" to compassionate release requests brought by the defense after the passage of the First Step Act. Thus, district court Judges in the Sixth Circuit have "full discretion" to define "extraordinary and compelling" without consulting the policy statement found at U.S.S.G. 1B1.13.

The Seventh Circuit issued a similar decision on compassionate release in United States v. Gunn the very same day. United States v. Gunn, No. 20-1959, 2020 WL 6813995 (7th Cir. Nov. 20, 2020). The long-tenured and through Judge Easterbrook authored the Gunn decision. According to Judge Easterbrook the Sentencing Commission has not yet issued an "applicable" policy statement to defendant requests for compassionate release. As Easterbrook, said "[a]ny decision is "consistent with" a nonexistent policy statement"

In the Seventh Circuit today, district courts are free to operate under the statutory criteria of "extraordinary and compelling reasons" when deciding sentence reduction motions without regards for the policy statement. Any decision by the district courts to grant compassionate release for reasons they see fit will be subject only to "deferential appellate review" for an abuse of discretion. Gunn, No. 20-1959, 2020 WL 6813995 at (7th Cir. Nov. 20, 2020).

14.

On December 2, 2020, the Fourth Circuit continued this trend with its important opinion in <u>United States v. McCoy</u>, thereby joining three other circuits that have allowed for a broadened interpretation of compassionate release. Technically, McCoy and the other cases (in the Second, Sixth and Seventh Circuits) broaden compassionate release by taking the decision-making process out of the hands of the Bureau of Prisons and allowing inmates to file for compassionate release in the federal court where they were sentenced. The new cases say that it is up to a federal judge (and not exclusively the BOP) to determine what constitutes "extraordinary and compelling reasons" to grant a sentence reduction.

In Thomas McCoy, case he had pleaded guilty to two counts of armed robbery. Even though he was 19 years old at the time of the offense, with only one prior conviction for reckless driving, the federal judge had no choice but to sentence him to a mostly mandatory sentence of more than 35 years in prison. After serving 17 years, McCoy petitioned the U.S. District Court for the Eastern District of Virginia for compassionate release, arguing that, had he been sentenced today, under the looser sentencing structure of the First Step Act he would have received a much more lenient sentence (probably about 200 months less). The judge agreed, reducing the sentence to time served and releasing McCoy from prison.

15.

After the U.S. Attorney's office appealed, the Fourth Circuit affirmed what the district judge had done, and endorsed the authority of federal judges to determine what constitutes "extraordinary and compelling reasons" and grant compassionate release. It should be noted that, McCoy did not seek early release based on preexisting health problems and the danger of Covid-19, rather his sentence was based on the unfairness and extreme nature of his sentence.

F. Release Plan

If this Court grant Montalvo's Motion to Reduce Sentence and Release to home confinement. Montalvo will live with his sister, Juana Molina 151 Casita Rd Rio Grande City, Texas 78582 Phone number (956)-573-7111 Montalvo release plan. see Exhibit B-3of4. Montalvo will not reside with his wife in Garciaville, TX. but with his sister and his plans will be the same. Montalvo will stay away from drugs and attend NA-meeting, he will work hard and support himself and his children. Montalvo's Sister and a very good friend, Melissa Perez. See, support letters attached.

## VI. CONCLUSION

Based on the foregoing, the Court should grant Montalvo's Motion to Reduce Sentence in the interest of Justice, Compassionate Release for Extraordinary and Compelling Reasons. Also attached is a Motion for Appointment of Counsel.

Date 2-18-2021

Respectfully submitted,

_____
DAMIAN MONTALVO
FCI Beaumont Medium
P.O. Box 26040
Beaumont, Texas 77720

## Certificate of Service

I hereby certify that a true and correct original Motion for Sentence reduction was placed in the Prison's legal mailbox for outgoing mail addressed to the Clerk of the U.S.D.C. for filing on 2-18-2021, addressed as shown below. I further state that the foregoing is true and correct to the best of my knowledge Pursuant to 28 U.S.C. § 1746. I declare under the penalty of perjury.

Office of the Clerk
United States District Court
Southern District of Texas
P.O. Box 5059
McAllen, TX 78501

_____
DAMIAN MONTALVO